———o———

### JOHN S. NOWLIN v. EDWARD S. SNOW.

*Vendor's representations as to lands.*

Representations as to the value or location of land, made by one who claims personal knowledge and is seeking to sell or exchange it, cannot be considered mere matter of opinion; and if they are distinct and important, and the other party to the bargain, knowing nothing of the matter beyond these representations, relies upon them wholly, and they prove to be untrue, he has a right to recover damages, and it is for the jury to find whether he was defrauded.

Error to Wayne. Submitted April 17. Decided April 24.

TRESPASS ON THE CASE by Nowlin, who declares that Snow represented to him that he wished to sell or exchange certain real estate in Kansas worth certain specified sums, and that Nowlin, relying on his representations exchanged for it some land in Dearborn, Wayne county, Michigan, Snow agreeing to assume a certain mortgage, pay back-taxes on the Kansas lands, and also to pay Nowlin $1,200; he farther alleges that Snow's representations as to the value and local advantages of the land were false and fraudulent, and claims damages. The court charged the jury to find for defendant and plaintiff brings error.

*S. R. Harris* and *Henry M. Cheever* for plaintiff in error. Statements of value may be material to a bar-

gain and a means of fraud, *Picard v. McCormick*, 11 Mich., 74; *Beebe v. Knapp*, 14 Mich., 136: 28 Mich., 53; *Kost v. Bender*, 25 Mich., 515; *Converse v. Blumrich*, 14 Mich., 109; *Taylor v. Ashton*, 11 M. & W., 401; *Stone v. Covell*, 29 Mich., 359; *Beattie v. Lord Ebery*, L. R. 7 H. L., 102; one who knowingly makes false statements to another who relies on them to his injury, is estopped from asserting want of vigilance in the injured party, *Eaton v. Winnie*, 20 Mich., 166; *Penn. R. R. Co. v. Ogier*, 35 Penn. St., 72; *Gordon v. Grand St. R. R. Co.*, 40 Barb., 550; *Ernst v. Hudson R. R. R. Co.*, 35 N. Y., 28; one is responsible for a belief which he intentionally creates, *Mizner v. Kussell*, 29 Mich., 229; so also if the statements are false in fact, but believed by the person making them and relied on by the one to whom made, *Webster v. Bailey*, 31 Mich., 36; a vendor who dissuades a purchaser from inquiry as to the quantity of land and deceives him to his prejudice is responsible, even if both parties had opportunities for judging of the quantity of land, *Starkweather v. Benjamin*, 32 Mich., 305, though a distinction is sometimes made between near and distant property, *Long v. Warren*, 68 N. Y., 426; Cooley on Torts, 488; *Smith v. Richards*, 13 Pet., 26; *Fulton's Ex'rs v. Roosevelt*, 5 Johns. Ch., 174; *Bean v. Herrick*, 12 Me., 262; *Harris v. McMurray*, 23 Ind., 9; one who buys land covered by snow may rely on the vendor's statements as to productiveness, *Martin v. Jordon*, 60 Me., 531; a misrepresentation knowingly made by a vendor to the purchaser's injury makes the vendor liable where the purchaser reposes an express trust in him, *Smith v. Babcock*, 2 Wood. & M., 246; Story on Sales, §§ 170, 181, 374, 380; 1 Story's Eq. Jur., §§ 198, 208; 1 Pars. Cont., 461; 1 Hilliard on Torts, 5; 2 Addison on Torts, 1188; representations made by a vendor are material if they are decided, and hold out inducements calculated to mislead and induce one to buy in reliance on them and in the absence of means of knowledge from his own observation, *Yeates v. Pryor*, 11 Ark., 58; *Hill v. Bush*, 19 Ark., 522; Cooley on Torts, 496.

*Geo. H. Lothrop* and *Griffin & Dickinson* for defendant in error. In a trading community every seller is entitled to praise his goods and only becomes liable when he misrepresents facts, *Cronk v. Cole,* 10 Ind., 488; *Sandford v. Handy,* 23 Wend., 268; *Dupont v. Payton,* 2 E. D. Smith, 428; *Medbury v. Watson,* 6 Met., 259; *Ellis v. Andrews,* 56 N. Y., 83; *Saunders v. Hatterman,* 2 Ired. (N. C.), 32; *Wright v. Wright,* 37 Mich., 57; *Bristol v. Braidwood,* 28 Mich., 194; *Browne v. Moore,* 32 Mich., 254; 2 Pars. Cont., 270, 778; 2 Kent's Com., 484-6, 623.

MARSTON, J. We are clearly of opinion that the court erred in withdrawing this case from the consideration of the jury. It is not very important whether we call the transaction between the parties a sale or an exchange, although we think the latter the more correct term. At the time the exchange was made, the parties did not stand upon an equal footing. The plaintiff had no knowledge whatever of the Kansas property except what he derived from the defendant, who claimed to have personal knowledge during the negotiations. The representations made could in no way be considered as mere matter of opinion as to the value of the land, or as to its location. The representations were distinct and important, and if found to have been made and that they were untrue in fact, and that plaintiff in making the exchange relied upon the representations made, then clearly he was entitled to recover. The case should have been submitted to the jury under proper instructions.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.