**CONARD v. DARNELL et al.**

No. 16122—Opinion Filed Jan 5, 1926.

(Syllabus.)

**1. Oil and Gas—Cancellation of Lease for Fraud—Pecuniary Damages Nonessential.**

An action to rescind will lie where defendant by false and fraudulent representations of material facts, relied on by plaintiffs, secured the execution of an oil and gas mining lease on lands of plaintiffs, regardless of whether or not plaintiffs suffer any pecuniary damages by reason of the execution of the same.

**2. Appeal and Error—Review of Equity Case—Sufficiency of Evidence.**

This court, on appeal, in a case of purely equitable cognizance, will examine the record, but will not reverse the judgment of the trial court unless it is clearly against the weight of the testimony.

**3. Same—Judgment Sustained.**

Record examined, and held, to support the judgment for cancellation in favor of plaintiffs.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by William Hugh Darnell and Mayme Darnell against A. P. Conard for cancellation of oil and gas lease. Judgment for plaintiffs, and defendant brings error. Affirmed.

John L. Maynard, for plaintiff in error.

Newton & Pinson, for defendants in error.

MASON, J. This action was commenced in the district court of Wagoner county, Okla., by William Hugh Darnell and Mayme Darnell against A. P. Conard, for the cancellation of an oil and gas lease which had been executed by the Darnells to Conard. Judgment was rendered for the plaintiffs canceling said instrument, and the defendant appeals.

For convenience the parties will be referred to herein as they appeared in the trial court.

The following questions are presented by the defendant's appeal:

First. Did the petition state a cause of action?

Second. Was the evidence sufficient to support the judgment of the trial court?

The plaintiffs' petition and the evidence in support thereof disclose about the following state of facts:

That the plaintiffs were husband and wife and resided on 80 acres of land in Wagoner county, which they owned: that the defendant came to their house and offered to purchase an oil and gas lease on said land; that the plaintiffs advised him that on the previous day they had orally agreed to lease said premises for oil and gas to one O. A. Sewell under the same conditions and for the same consideration as offered by the defendant; that the defendant then stated that Sewell was getting the lease for the defendant; that Sewell was working for defendant

and that the lease would come to him in the event plaintiffs leased to Sewell; that defendant insisted on their executing the lease at that time, so that he could take it with him; that the plaintiffs relied upon the representation of the defendant and signed a lease, which was delivered to the defendant and which was to be acknowledged later; that a few days later, the plaintiffs learned that Sewell was not and had never been employed by the defendant, and that the defendant had made such statement for the purpose of deceiving the plaintiffs and in order to have them execute said lease to him; that after the discovery of said fraud and deceit practiced by the defendant, the plaintiffs refused to acknowledge said lease and tendered the consideration, which had been paid, to the defendant, but that he refused to accept the same; that they would not have executed said lease to the defendant except for such representations. The plaintiffs also tendered said consideration to the defendant in their petition.

Each of the plaintiffs testified, in substance, to the foregoing facts, and was corroborated by the father and mother of Mr. Darnell, who were present during said transaction, and was further corroborated in part by the notary public who subsequently went to the home of the plaintiffs with the defendant for the purpose of securing the acknowledgment of the plaintiffs to said lease.

The only evidence on behalf of the defendant was that of the defendant himself, who denied that he made any representation that Sewell was employed by him.

Counsel for plaintiff in error urge that in order to establish fraud actual pecuniary damages must be pleaded and proven, and that inasmuch as the plaintiffs' pleadings and proof failed in this respect, the judgment of the trial court must be reversed.

The general rule is announced in 39 Cyc. 1254, as follows:

"The general rule is that a vendor or purchaser is not entitled to rescind the contract because of the other party's fraud or misrepresentation, unless he has been damaged or prejudiced thereby. But it is not always necessary to show actual pecuniary damages. It is enough for him to show that he has been otherwise prejudiced, as that he has been induced by material false representations to enter into a contract which he would not have entered into but for such representations."

Counsel, no doubt, do not bear in mind the distinction between an action to recover damages for deceit and one to rescind because of misrepresentations...

The rule that fraud without damages resulting therefrom never gives a right of action in favor of the defrauded party applies to those cases where the injured party is seeking to recover damages from the wrongdoer in an action ex delicto as an indemnity against the injury which he has sustained by reason of the fraud, and has no application to a case where it is sought to cancel an instrument because it was entered into by reason of fraud and misrepresentation. If the false statement relates to a material fact, the law implies that the defrauded party has suffered an injury.

For a court to uphold and refuse to cancel a contract consummated by fraud and misrepresentation, and thus, as between the deceiver and the deceived, bind the property and character of the latter because it is not apparent that he has suffered pecuniary damages, would certainly be most inequitable.

In Rumbaugh v. Rumbaugh, 39 Okla. 445, 135 Pac. 937, this court held:

"In an action to cancel a deed for duress and fraud, if the fraud of itself be sufficient to induce, and did induce, the making of the deed, it is sufficient, when discovered, to warrant its cancellation."

Hence, we are of the opinion that the plaintiffs herein did not have the burden of pleading and proving that they suffered any pecuniary damages in order to warrant the trial court in rendering its judgment canceling said oil and gas lease.

The plaintiffs, however, had the burden of establishing that the defendant made a material representation; that it was false; that when he made it he knew it was false, or made it recklessly without any knowledge of its truth and as a positive assertion; that he made it with the intention that it should be acted upon by the plaintiffs, and that the plaintiffs acted in reliance upon it.

There was, it is true, a conflict in the evidence as to whether or not the defendant made such misrepresentations, but an examination of the record discloses that the judgment of the trial court is not clearly against the weight of the evidence.

In reviewing an appeal in a cause of purely equitable cognizance, this court will examine the record and weigh the evidence, but will not reverse the cause unless the judgment of the court is clearly against the weight of the evidence. Black v. Donaldson, 79 Okla. 299, 193 Pac. 424; Potter v. Ertel, 80 Okla. 67, 194 Pac. 201; Harper v. James, 82 Okla. 186, 199 Pac. 209.

It is our opinion that upon the whole rec-

ord substantial justice, under both the law and the evidence, has been done, and the judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 27 Cyc. p. 692. (2) 4 C. J. p. 900, §2869; 2 R. C. L. p. 202; 11 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91. (3) 4 C. J. p. 1130, §3122.