## CONSTITUTION INDEMNITY CO. v. BECKHAM et al.

No. 20574. Opinion Filed June 24, 1930.

Clayton B. Pierce, for petitioner.

H. C. Thurman, Byrne A. Bowman, and Keagy & Williams, for respondents.

ANDREWS, J. The State Industrial Commission made an award in favor of the claimant and held:

"The Commission is of the further opinion: That respondent Parker & Rasbach are primarily liable to claimant for compensation herein and that the Roxaline Petroleum or its insurance carrier, Constitution Indemnity Company, are secondarily liable therefor."

The Constitution Indemnity Company filed this action for review, setting up various assignments of error, among which was one to the effect that the State Industrial Commission should have dismissed said carrier from the case and held it not liable on its insurance policy. Beckham, the claimant, Parker & Rasbach, the contractors, and Roxaline Petroleum Corporation were named respondents.

The Roxaline Petroleum Corporation, on its showing that the award was a joint one against it and its carrier and that it desired to file a petition for review and to file same in this action for convenience of the court and the parties, was permitted by this court to file such petition.

In so far as the questions of the illegality and unconstitutionality of the award are concerned, the Roxaline Petroleum Corporation is here in the role of petitioner, but in so far as the question as to the liability of the carrier on the insurance policy is concerned, the Roxaline Petroleum Corporation is a respondent and answered the carrier's brief.

The Constitution Indemnity Company sub-

mits three propositions. The first of these is as follows: .

"The conclusion of the State Industrial Commission that the Roxaline Petroleum Corporation or the Constitution Indemnity Company was secondarily liable for compensation is contrary to law under the undisputed testimony and evidence in this case."

Under the provisions of section 7285, C. O. S. 1921, the award should be sustained. The evidence is sufficient to sustain the conclusion that the Roxaline Petroleum Corporation was a principal employer and Parker & Rasbach, an independent contractor, engaged in work for the principal employer. The claimant was an employee of Parker & Rasbach. The Constitution Indemnity Company attempts to defend against the award on the theory that Parker & Rasbach was a sublessee and not an independent contractor, and urges, in support of that contention, that Parker & Rasbach were drilling the land of the Roxaline Petroleum Corporation for. an interest in the land. We think the record fairly shows that Lester B. Gum, acting for the Roxaline Petroleum Corporation, employed Parker & Rasbach to drill an oil well upon the land of the Roxaline Petroleum Corporation and agreed to pay Parker & Rasbach therefor by conveying to them an interest in the lease. The fact that the payment was to be an interest in the lease rather than money does not prevent the creation of a relationship of independent contractor. The fact that the independent contractor agreed to pay delay money for failure to complete his contract according. to the contract does not operate to destroy the relationship of independent contractor. It is contended that the relationship of independent contractor did not exist because the contract was negotiated by a broker. We cannot agree with that contention.

The witness Rasbach testified: "We were drilling a well not for Lester B. Gum; we were drilling for a three-fourths interest in the lease." There is no merit in that contention. Parker & Rasbach were drilling the well under a contract for which they were to receive compensation. They were independent contractors, and, under the provisions of the statute, their failure to provide compensation insurance makes their employer secondarily liable for injury sustained by their employees.

It is said that because this court in Brenner Oil Co. v. Dickason Lumber Co., 108 Okla. 257, 236 Pac. 44, held that, under similar circumstances, a lien does not exist, the award should not have been made in this case. That case is in no wise an authority on the question at issue here. Under the lien statute the employer is not liable beyond the terms of his contract, and his subcontractor must look to the contract between the owner and the contractor to ascertain his rights. That rule is not applicable in compensation cases. Where the relationship of employer and independent contractor exists, the employer is liable without regard to the terms of the contract between the employer and the independent contractor.

It is also contended that the contract was an "executory contract for. the assignment of interests in an oil and gas mining lease, and nothing more." We cannot agree with that contention.

We do not consider it necessary to discuss at length the other contentions made in support of this proposition. None of them are sufficient to warrant this court in vacating the award.

The second proposition was:

"The award is excessive and contrary to the findings of fact."

The basis of this contention is that part of the findings of the State Industrial Commission as follows:

"As a result of which, claimant suffered the loss of a part of the right foot by amputation, which said loss amounted to 40 per cent. disability to said foot."

The record shows that the State Industrial Commission found the claimant was entitled to compensation "for a period of 70 weeks, the same being compensation for 40 per cent. disability to claimant's foot." The Constitution Indemnity Company contends that the award for the loss of a foot is 150 weeks and that 40 per cent. of that would be 60 weeks. Section 7290, C. O. S. 1921. The claimant contends that under the same section the award for the loss of the great toe should be 30 weeks and for the loss of each of the other toes should be 10 weeks, and that he lost the great toe and four other toes, which would entitle him to an award of 70 weeks. This was the amount of the award.

Our attention is called to no case that determines the effect of these apparently conflicting provisions. In our opinion the provision in the statute fixing the amount of the award for the loss of a great toe at 30 weeks and of another toe at 10 weeks must be construed in connection with the provision fixing the award for the loss of a foot at 150 weeks, and with that other portion of section 7290, supra. which provides that amputation between the knee and ankle shall be considered as the equivalent

of the loss of a foot. For the loss of that portion of a foot consisting of a great toe or another toe the amount that should be awarded is fixed by the statute. For the loss of a portion of a foot the percentage of loss governs. The per cent. of loss must not be less than the amount fixed by the statute for the loss of the toes and may be as much larger as the facts justify. Under the facts as disclosed by this record, the defendant lost the great toe and four other toes, and he is entitled to the statutory award therefor, which is a total of 70 weeks. This being the amount of the award, the award will not be disturbed.

The third proposition presented is as follows:

"The award against the Constitution Indemnity Company is not supported by the findings of fact and is contrary to law."

In support of this contention the Constitution Indemnity Company says that no finding was made by the State Industrial Commission as to whether or not that company was the insurance carrier of the Roxaline Petroleum Corporation, and insists that a specific finding to that effect was necessary. The State Industrial Commission found that the Constitution Indemnity Company was secondarily liable, and in our opinion that finding was supported by the evidence and is sufficient at law.

The State Industrial Commission found and determined that the Constitution Indemnity Company was secondarily liable for the payment of the award made to the claimant. That finding is supported by the evidence and is sufficient to justify the holding of the State Industrial Commission that the Constitution Indemnity Company is secondarily liable for the payment of the award as between the Constitution Indemnity Company and the claimant, James G. Beckham. The insurance policy of the Constitution Indemnity Company was construed by the Constitution Indemnity Company. It appeared and defended the interest of the Roxaline Petroleum Corporation in this matter. It permitted its agent to file with the State Industrial Commission the required form showing it to be the insurance carrier for the employer, and it is otherwise estopped to deny its liability to the claimant. We cannot approve the contention of the Constitution Indemnity Company that it may limit its liability by its contract, give notice that it is the insurance carrier, defend a claim for an award on its merits for a considerable time, and then defeat the rights of an injured employee by denying its liability under its contract of insurance.

The contentions of the Roxaline Petroleum Corporation have been fully covered herein, and we deem it unnecessary to consider them separately.

The award of compensation to claimant is in all things affirmed.

LESTER, V. C. J., and CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent.