## MARYLAND CASUALTY CO. v. OSBORN et al.

No. 21395. Opinion Filed March 10, 1931.

H. C. Thurman (Byrne A. Bowman, of counsel), for petitioner.

J. Berry King, Atty. Gen., Robt. D. Crowe, Asst. Atty. Gen., and Maris & Maris, for respondents.

CLARK, V. C. J. This is an original action filed in this court to review an award and judgment of the State Industrial Commission, made and entered on the second day of May, 1930, wherein the State Industrial Commission awarded William F.

Osborn compensation at the rate of $18 per week for a period of 500 weeks. Said award was made in favor of Osborn as against James R. Fitzgerald and Maryland Casualty Company as insurance carrier for Fitzgerald. The Maryland Casualty Company asked to review said award on several grounds, but the principal ground was that said petitioner was not insurance carrier for James R. Fitzgerald.

The record in this case discloses that employee's first notice of injury and claim for compensation, the caption of which reads as follows: "Wm. F. Osborn, Claimant, v. Jas. R. Fitzgerald and J. A. Haren, Respondents, and Maryland Casualty Company, Insurance Carrier," was filed October 17, 1928. On January 15, 1929, an answer was filed by insurance carrier, petitioner herein, which was signed: "Haren Tank Company, Respondent, and Maryland Casualty Company, Insurance Carrier." The record discloses that the Maryland Casualty Company was insurance carrier for Haren Tank Company at Ponca City, Okla.

There is nothing in the record to show that Maryland Casualty Company was insurance carrier for James R. Fitzgerald. The respondent Osborn was injured while working for James R. Fitzgerald on a house, which was being built for J. A. Haren. There is nothing in the record to show whether Fitzgerald was an independent contractor or an employee of Haren. If Fitzgerald was an independent contractor, Haren would be secondarily liable, but if Fitzgerald was an employee of Haren, Haren would be primarily liable.

The record does not disclose whether the Haren Tank Company is a corporation, a copartnership, or J. A. Haren is sole trader doing business under the name of Haren Tank Company. Petitioner contends that Osborn was an independent contractor and not an employee of James R. Fitzgerald. An examination of the record discloses that respondent Osborn was an employee while working on the house and not an independent contractor. It is true he did some piece work, but he also worked by the hour, and his work was under the immediate supervision and control of James R. Fitzgerald, who was either foreman or independent contractor of J. A. Haren.

The record is plain that the petitioner herein was not the insurance carrier for James R. Fitzgerald, and for that reason the award cannot stand. Respondents in their brief contend that petitioner is estopped from denying liability and cite the case

of Constitutional Indemnity Co. v. Beckham, 144 Okla. 81, 289 Pac. 776.

This case is not in point. It is true the insurance carrier in the case at bar appeared and defended this cause, but the award was not entered against all respondents, and there is nothing in the record to show for which respondent he appeared as insurance carrier. So the plea of estoppel does not apply in this case.

J. A. Haren was put on the witness stand and attorneys representing the claimant made no attempt to prove by him the facts essential in this case for the determination of the issues, which apparently were within his knowledge.

The judgment and award of the Industrial Commission is vacated, with directions to said Commission to grant a rehearing in this cause, set the couse for hearing, and determine the issues presented.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.