**STATE ex rel. BARNETT, State Bank Com'r, v. AUSTIN et al.**

No. 27907. April 26, 1938.

Houston E. Hill, James P. Hughes, and Raymond Sroaf, for plaintiff in error.

Darnell, Gibson & Loving, for defendants in error.

RILEY, J. This action was commenced by plaintiff in error to recover on a promissory note and to foreclose a mortgage given to secure said note.

The cause was tried to a jury, and since verdict and judgment were for the defendants, the parties are here in the same relation as in the trial court.

The note and mortgage were in the usual form and the petition of plaintiff set forth the execution of the note and mortgage and alleged nonpayment.

The amended answer of defendants, upon which the cause was tried, admitted the execution of the note and mortgage. Defendants specifically deny that they or either of them were indebted to the plaintiff in any sum, and in substance further allege that the note and mortgage were obtained for and on behalf of the First State Bank of Weatherford, Okla., through fraud, deception, and misrepresentation.

The First State Bank of Weatherford became insolvent and its affairs are being administered by and through the State Bank Commissioner, and this action is brought on the note as a part of the assets of said bank.

Defendants further allege that Ed Austin was indebted to the bank on two promissory notes, one for $4,000, dated August 28, 1929, due October 10, 1929, and the other for $3,150, dated April 11, 1929, due October 11, 1929; that on October 22, 1929, defendant Ed Austin paid said notes and accrued interest in full by his check in the sum of $7,172; a copy of said check is attached. They then allege that at the time of payment of said notes F. D. Lucas, the managing officer of said bank, delivered to Ed Austin two notes, one of which was the $4,000 note mentioned, and the other purporting to be the $3,150, but was in fact a copy thereof, to which Austin's name had been signed, but that Lucas represented it to be the genuine note; that shortly thereafter the bank called upon him to pay his note in the sum of $3,150; that Austin then advised the bank that he did not owe said note; that Lucas then advised him that if he would execute a new note, he would run the records of the bank and find the mistake if any; that, having confidence in Lucas, he did renew the note, not then knowing that the $3,150 note which had been returned to him on October 22, 1929, was not his genuine note, or that it was a forgery; that by repetition of said fraudulent representations from time to time defendant was induced to renew said note several times until the note sued upon and the mortgage securing same were obtained, and that he did not discover the fraud until after the bank became insolvent.

The alleged fraud is pleaded with more particularity than above stated, but such was in substance the defense pleaded.

Demurrer to the amended answer was filed and overruled, and plaintiff replied by general denial, and also alleged "that all defense of fraud set up in said answer and amended answer is barred by the statute of limitations."

The petition in error herein contains twelve specifications of alleged error, but they are all presented under three propositions.

It is first contended that the evidence conclusively discloses that the notes sued on

herein are not related to the $4,000 note, which defendant admittedly paid, nor the $3,150 note, claimed to be a forgery. But on this question the evidence was in conflict. The plaintiff did produce evidence which strongly tends to show that the note sued upon, which is for the sum of $4,160, in fact grew out of a note for $4,000 to the Weatherford bank dated about September 7, 1929.

There is perhaps some confusion in the evidence of plaintiff. as to which of the two $4,000 notes plaintiff claimed gave rise to the note sued upon.

Defendant Ed Austin stoutly maintained that the note sued upon in fact grew out of the $3,150 note transaction as set out in the answer of defendants.

The case was submitted to the jury by the court on that issue by an instruction as follows:

"You are instructed that if you find and believe from a fair preponderance of the evidence, facts and circumstances in this case that on or about the 22 day of October, 1929, the defendant Ed Austin paid to the First State Bank of Weatherford the sum of $7,172 and that said sum was payment in full of all the notes which said defendants owed said bank on said date, and that the note herein sued upon and set out in plaintiff's petition is one of a series of renewals of a note which was paid by said defendants by said check of $7,172, on said date, then you should return a verdict in favor of the defendants.

"If you do not so find by a fair preponderance of the evidence, then you should return a verdict in favor of the plaintiff."

There was no exception to this instruction.

Thereby the issue was squarely put to the jury as to whether the $7,172 paid by defendant on October 22, 1929, was payment in full of all the notes which defendant then owed the bank.

Austin was not even questioned on cross-examination as to a note for $4,000 supposed to have been executed by him on September 7, 1929.

Furthermore, plaintiff took the deposition of F. L. Lucas, the president of the Weatherford bank, who took the notes on behalf of the bank, and he testified that Austin executed a note for $4,160 at the time he paid the bank the $7,172. On cross-examination defendant Austin was asked if he was not, in fact, overdrawn at the bank in the sum of about $4,000 on October 22, 1929, when he paid the two notes. He denied that he was. The individual ledger sheet of the bank showing Austin's account down to September 23, 1929, shows that at that time his overdraft was $1,870.41, and again, beginning March 26, 1930, his overdraft was $2,441.27. This overdraft was discharged April 11, 1930, at which time he had a balance of $420.51 in his favor. His account was again overdrawn for a while, but the account was in balance on November 29, 1930. The status of his account as of October 22, 1929, is not shown. The note sued upon was dated October 15, 1931. The individual ledger sheet was not produced showing his account after November 29, 1930.

We cannot say from the record as a matter of law that the note sued upon had no connection with the two notes paid.

The second contention is that the amended answer of defendants, nor the evidence in support thereof, constitutes no defense to the note.

Under this proposition, it is stated that the defense is barred by the statute of limitations.

The contention is not tenable here.

In Dixon v. Hawkins, Adm'r, 178 Okla. 250, 62 P.2d 251, it is held:

"Statutes providing that in an action for relief on the ground of fraud limitation shall run from the time the fraud is discovered apply only as against a party who seeks affirmative relief on the ground of fraud committed by his opponent; they do not apply so as to raise a bar against the party who is seeking merely to defend his rights on the ground that a contract or transaction sought to be enforced by his opponent is fraudulent. Likewise a statute providing that actions for relief against frauds must be commenced within a certain time after the cause of action accrues does not apply where the fraud is set up merely by way of defense and not as a ground for affirmative relief."

See, also, Thomas v. Rauer (Kan.) 64 P. 80; 34 C. J. 948.

This renders unnecessary a discussion of subdivision (b) under the second proposition.

Finally, it is contended that defendant, having renewed the note, is estopped as a matter of law from alleging failure of consideration.

The question of estoppel was not raised in the trial court. Furthermore, the rule relied upon is that one who gives a note in renewal of another note, with knowledge at the time of a failure of consideration for the original note, or false representations in

procuring the note, waives such defense and cannot set it up to defeat recovery on the renewal note.

This necessarily involves the question of fact whether defendant knew at the time of the renewal, or should have known, of the fraud.

It cannot be said as a matter of law under the record that defendants had such knowledge.

Plaintiff's theory at the trial was that the note sued upon grew out of the note for $4,000, dated August 28, 1929, and renewed from time to time until the note here involved, for the sum of $4,160, was executed.

Plaintiff, at page 40 of the brief, asserts:

"The original note was executed in the sum of $4,000, on the 29th day of August, 1929, and was renewed at various times, until the 15th day of October, 1931, when the note sued on herein in the sum of $4,160, and mortgage securing the same were executed and thereafter recorded."

Defendants' theory was that the $4,000 note dated August 29, 1929, was fully paid on October 22, 1929, when he gave the check introduced in evidence for the sum of $7,172. This issue, as shown above, was presented to the jury by the instruction quoted, and the jury found in accord with the theory of the defendant.

The judgment is affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, C. J., and WELCH, J., absent.