TRI-STATE CASUALTY INS. CO. v. McDUFF.

No. 30657. Feb. 23, 1943.

*134 P. 2d 342.*

Butler & Rinehart, of Oklahoma City, for plaintiff in error.

Robert Burns, of Oklahoma City, and Pryor & Wallace, of Wewoka, for defendant in error.

HURST, J. The widow of Earl McFarlin, deceased, recovered a judgment for $6,000 against Fred McDuff and another for the wrongful death of Earl McFarlin. That judgment was affirmed in McDuff v. McFarlin, 185 Okla. 569, 95 P. 2d 636, and was subsequently paid by McDuff. Thereafter McDuff, in the present action, sued Tri-State Casualty Company to recover the amount of the judgment so paid by him.

In his first cause of action in the instant case, McDuff sought recovery of $5,000, the full amount of an indemnity insurance policy issued to him by defendant, and $44.50 costs, all as provided in the policy, which was set out in the petition, and which was in effect when McFarlin was killed. He alleged the bringing of the action for McFarlin's death against him and the estate of Ralph Geer; that the defendant undertook to defend said action for both him and the estate of Ralph Geer, and that its attorneys handled the case so negligently and unskillfully that it resulted in a judgment against him for $6,000, which he paid. He prayed "for the principal sum of $5,000, as provided in said insurance policy," together with interest and $44.50 costs. The second cause of action was for $1,000, the excess of the judgment paid by McDuff over the $5,000 provided in the policy, and was based upon the alleged negligence of defendant's attorneys in defending the McFarlin case. In its answer defendant denied all these allegations, alleged that McFarlin was not an employee of McDuff, and hence it was not liable under the policy, and that McDuff's personal attorneys participated in the defense of the McFarlin case and

agreed upon the procedure followed in the defense thereof.

The jury returned a verdict for McDuff on the first cause of action in the sum of $5,044.50, and gave him nothing on the second cause of action. From a judgment on the verdict, defendant appeals.

1. Defendant contends that the first cause of action is not founded on the contract of insurance, but is based upon the alleged negligence of its attorneys, and therefore is a tort action. We do not agree. The allegations of negligence contained therein are surplusage. The allegations that the McFarlin case was defended by defendant under the terms of its policy, that judgment was recovered against McDuff and paid by him, and that defendant was thereby indebted to him in the full amount of the policy, stated a cause of action on the contract, and it was not error for the court to overrule the defendant's motion to require the plaintiff to elect whether the first cause of action was based on contract or tort, as argued by the defendant.

The general rule is that when an insurer undertakes without reservation to defend an action against the insured, substituting its methods and judgment in such defense for those of the insured, and in such action judgment is rendered against the insured, the insurer is estopped to deny liability under the policy. 10 R. C. L. 815; 29 Am. Jur. 672; Malley v. American Indemnity Corporation, 297 Pa. 216, 146 Atl. 571, 81 A. L. R. 1322, and note. This rule obtains in this state. Constitution Indemnity Co. v. Beckham, 144 Okla. 81, 289 P. 776. The facts stated in plaintiff's first cause of action are sufficient to justify its application in the instant case. The evidence as to whether defendant undertook the defense of the action without reservation as to liability, and whether it exercised full control of the defense thereof, was conflicting. The trial court did not err in overruling the demurrer to the evidence, the motion for directed verdict,

and the request for a peremptory instruction for defendant, and in submitting the case to the jury under proper instructions. By instruction No. 8 the court told the jury in effect that the first cause of action was for recovery under the policy. There was competent evidence tending to support the verdict. Therefore, it will not be disturbed on appeal. Dixon v. Hawkins, 178 Okla. 250, 62 P. 2d 251, West Dig. App. & Error, Key No. 1002.

2. Defendant complains of the closing argument of plaintiff's attorney, and says that the trial court should have sustained its request to declare a mistrial by reason thereof. Examination of the record discloses that the trial court reproved counsel for plaintiff for making some of the statements objected to and instructed the jury not to consider them. Furthermore, the principal contention made in this respect is that the argument was directed to the contractual liability of defendant, which defendant says was not raised by plaintiff's petition. Since we hold otherwise, we do not think the argument prejudiced any rights of defendant, or resulted in an erroneous verdict.

Affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., absent.