MILES v. PARKINSON et al.

No. 30674. Nov. 2, 1943.

Rehearing Denied Dec. 14, 1943.

*142 P. 2d 856.*

J. S. Severson, of Tulsa, for plaintiff in error.

Dixie Gilmer, Co. Atty., and Wm. M. Taylor, Asst. Co. Atty., both of Tulsa, for defendants in error.

DAVISON, J. This case is presented on appeal from the district court of Tulsa county, wherein W. F. Miles, as plaintiff, sought to obtain title under a county commissioners' deed to lot eleven (11), block fifteen (15), of Greenwood addition to the city of Tulsa.

Joe T. Parkinson, county treasurer of Tulsa county, the board of county commissioners of Tulsa county, and various other persons were made parties defendant.

The principal question in this appeal is whether the board of county commissioners can arbitrarily rescind their former action approving a sale of property under the provisions of section 2, art. 16, ch. 66, S. L. 1935, after they have approved the sale, caused a deed to be executed by the chairman of the board, delivered the same to the county treasurer for delivery to the purchaser, and the latter has received the purchase price and distributed the same so that it cannot be returned to the purchaser. In other words, can the county through its board of commissioners, in the exercise of the discretion of the latter under the above-mentioned statute and without other excuse or justification, so conduct a sale that it retains both the purchase price of realty offered for sale and the real estate. This question is presented by the following situation.

Tulsa county acquired the above-described property at tax resale. The validity of its title is not questioned in this appeal. Thereafter the county treasurer gave notice by publication of the intended sale of such lot, after having received a tentative bid on said property. Pursuant to the notice the sale was conducted and concluded subject to the approval of the board of county commissioners. The plaintiff, W. F. Miles, was the purchaser and the purchase price was $105, which was then paid.

The county treasurer then reported the sale to the board of county commissioners and requested approval. On September 6, 1938, the sale was approved by the board of county commissioners, and its chairman was directed to execute a deed to the plaintiff as purchaser. The deed was executed and delivered to the county treasurer for the purpose of delivering it to the purchaser. The money representing the purchase price was then distributed pursuant to the provisions of section 5, art. 16, ch. 66, S. L. 1935.

On the next day plaintiff called for his deed, but the county treasurer refused to deliver the same. He had been requested by one of the commissioners to hold the deed. Thereafter, and on September 12th, the board of county commissioners formally rescinded or attempted to rescind its former action approving the sale. The board ordered that

the deed be canceled. The record of the proceeding of the board does not reflect the reason for the attempted rescission, and no provision was attempted to be made for the return of plaintiff's money.

Plaintiff thereafter instituted in the district court of Tulsa county the proceedings now presented to us for review. The judgment of the trial was adverse to the plaintiff on the theory that the board of county commissioners could as a matter of right and in the exercise of their discretion cancel the sale at any time before delivery of the deed.

The parties to the proceeding are in apparent agreement that no method exists whereby plaintiff's money can be returned or repaid by the county after the distribution thereof by the county treasurer. No method of doing so is suggested. This appeal will, therefore, be decided on the hypothesis that it cannot be returned, without judicial decision or declaration of the law on the point.

This case is without precise judicial precedent. We must first look for guidance to provisions of the statute in force at the time of the sale which have not previously been applied by this court to a situation such as is here presented. Section 2, art. 16, ch. 66, S. L. 1935, mentioned supra, was then in force. It provided:

"Any property acquired by the county under the provisions of the resale tax laws, may be sold by the treasurer, after notice by publication, at such price as may be approved by the board of county commissioners, said notice to be given after receipt of bid on such property; said notice shall be published by the county treasurer in the official county newspaper, or some newspaper designated by the county treasurer, once each consecutive week for not less than three publications preceding the sale, and if there be no paper published in the county, the treasurer shall give notice by written or printed notice posted on the door of the courthouse or building in which courts are commonly held, or at the usual place of meeting of the county commissioners; and such notice shall embrace a description of the property, the amount bid and the name of such bidder, and stating that the sale of said property so listed shall be made at such price and to such bidder at a given date to be specified therein, subject to the approval of the board of county commissioners, unless higher bids are received on such date. On the date stated in such notice, said property shall be sold by said treasurer to the highest competitive bidder, for cash in hand, or to the original bidder if there be no higher price offered; said sale in any event to be subject to the approval of the board of county commissioners, in their discretion. The cost of said advertisement and other expense incident to said sale, as now provided by law, shall be apportioned to the respective tracts listed in said sale and shall be added to the sale price of said estate as a separate and additional charge and shall be paid by the purchaser, in addition to the amount bid upon said real estate. A deposit may be required of any bidder before advertisement of such property to cover such advertisement and other costs. Upon approval of such sale as hereinabove provided the chairman of the board of county commissioners shall execute a deed conveying title to the purchaser of such property upon the payment of the purchase price and costs."

A careful examination and analysis of the above statute discloses that the board of county commissioners is vested with discretion in determining whether it shall approve or disapprove the sale of property. However, when it has approved the sale and its chairman has executed a deed to the purchaser, all of the authority specifically conferred by the statute has been exercised by the board. If authority exists to rescind the action taken, such authority must rest upon inference or as a matter of general law rather than by reason of express statutory declaration.

Much reason can be asserted for the recognition of such implied authority so long as the same can be exercised without injury to anyone; however,

such considerations as may be urged in its favor are relegated to the background when the situation has progressed to a point where the purchase price cannot be restored. We do not believe it was contemplated by the Legislature that the county should retain the benefits of the sale and the land sold as against a purchaser who was without fault in the premises. The language of the statute contains no such implication and we decline to draw such an inference.

Of course, where the purchaser is guilty of some wrong, as, for instance, fraud which under the general law would authorize the county acting through its governing board to rescind the transaction at its option, making restoration of the consideration only if such restoration is possible, and excusing restoration on the grounds of impossibility by reason of the wrongful concealment of the fraud by the purchaser while the money was being distributed (notice 15 O.S. 1941 § 235 and Harvey v. Thomas, 150 Okla. 106, 300 P. 772), different considerations would govern and a different result would follow.

In this case the county asserted in the trial court that the purchaser was guilty of fraud. The case, however, was not determined on that theory. The trial court did not find that fraud was practiced by the purchaser.

When the purchaser at tax sale has a clear legal right to a deed, the delivery thereof can be compelled by appropriate judicial action. 61 C. J. 1339.

There is some contention in the briefs that the issues in this controversy were settled by a prior order or decision in the trial court from which no appeal was taken. The defendants in error in support of this assertion call our attention to minutes of the clerk transcribed in the record. The order or judgment does not appear. The minutes cannot be considered to establish the judgment in this court. Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067.

Plaintiff has urged in this appeal that he is entitled to judgment on the theory that delivery of the deed to the county treasurer constituted delivery to him. We are not impressed with this argument. Neither can we subscribe to the view that legal title to the property passed without delivery of the deed.

Plaintiff is not entitled to judgment under the record before us, but he is entitled to a new trial. On such new trial the issues will be limited under the rule announced in Holbrook v. Moore, 177 Okla. 173, 58 P. 2d 865, to the question of whether the purchaser was guilty of fraud. If the defendants fail to establish plaintiff's guilt in this respect, the trial court will cause the deed to be delivered.

CORN, C. J., and RILEY, OSBORN, BAYLESS, and WELCH, JJ., concur. HURST and ARNOLD, JJ., concur in conclusion. GIBSON, J., absent.