MILES v. PARKINSON et al.

No. 31929. Jan: 29, 1946.

*165 P. 2d 644.*

W. F. Miles, of Tulsa, pro se.

Dixie Gilmer, County Atty., and Claude Weaver, Jr., Asst. County Atty., both of Tulsa, for defendants in error.

RILEY, J. This is the second appeal (Miles v. Parkinson, 193 Okla. 380, 142 P. 2d 856). The property involved was acquired by Tulsa county at tax resale. Thereafter the county treasurer received a bid from plaintiff Miles, and gave notice by publication of the intended sale of the property. Pursuant to the notice, the sale was conducted and concluded subject to the approval of the board of county commissioners. Plaintiff Miles purchased and paid $105. A deed was executed and delivered to the county treasurer for the purpose of posting his records before delivery to the purchaser. On the next day plaintiff called for the deed, but the county

treasurer refused to deliver it. A county commissioner had requested the treasurer to hold the deed. Upon hearing, the board of county commissioners formally rescinded approval of the sale and ordered the deed canceled. Plaintiff sued and the judgment in defendants' favor was reversed; the cause was remanded for new trial. Miles v. Parkinson et al. 193 Okla. 380, 142 P. 2d 856.

The facts in that appeal showed that the treasurer had disbursed the fund; plaintiff was held not to be entitled to recovery, not because of any fault but because the money was gone. The remand was for determination of the issue whether plaintiff was guilty of wrong or fraud such as would justify rescission of sale and cancellation of the deed without restoration of the consideration paid.

The county amended its answer so as to allege that Miles was guilty of fraud in that he had falsely represented that the property was unimproved and unoccupied; that the board of county commissioners, believing the statement of facts as represented by plaintiff to be true, approved the sale and executed a deed, but before delivery of the deed the board of county commissioners learned of the fraud and vacated the order of approval. Upon trial of the remanded issue, the fact was established that the lot was improved by a five-room house, occupied by the former owner, and plaintiff had made the false representation as to the condition of the property. The county treasurer held, and now holds, in his possession the sum of $105 with which to reimburse Miles if he be not entitled to the deed; although the treasurer had apportioned the particular money paid by plaintiff, he holds other money belonging to the same fund, in the same amount.

Plaintiff denied he had made the representations attributed to him.

The judgment canceled the deed; the money was ordered returned to plaintiff.

Plaintiff again appeals and contends error (1) in overruling demurrer to defendants' amended answer; (2) that the statute of limitations had run against the fraud alleged to have been committed in September, 1938, and discovered the next day but not set up as a defense until long after the expiration of two years.

Plaintiff filed no demurrer to the amended answer but he did object to the introduction of evidence of fraud. The contention is that the answer failed to allege fraud by failure to plead injury or damage to defendants, arising from it.

In Conard v. Darnell et al., 114 Okla. 48, 242 P. 772 (cited with approval in Gragg v. Pruitt, 179 Okla. 369, 65 P. 2d 994), we held that an action to rescind will lie where a defendant by false and fraudulent representations of material facts, relied on by plaintiffs, secured the execution of an oil and gas mining lease on lands of plaintiffs, regardless of whether plaintiffs suffer any pecuniary damage. The rule stated in 39 Cyc. 1254, cited with approval, is:

"A vendor or purchaser is not entitled to rescind the contract because of the other party's fraud or misrepresentation, unless he has been damaged or prejudiced thereby. But it is not always necessary to show actual pecuniary damages. It is enough for him to show that he has been otherwise prejudiced, as that he has been induced by material false representations to enter into a contract which he would not have entered into but for such representations."

"The rule that fraud without damages resulting therefrom never gives a right of action in favor of the defrauded party applies to those cases where the injured party is seeking to recover damages from the wrongdoer in an action ex delicto as an indemnity against the injury which he has sustained by reason of the fraud, and has no application to a case where it is sought to cancel an instrument because it was entered into by reason of fraud and misrepresentation. If the false statement related to a material fact, the law implies that the defrauded party has suffered an injury."

"For a court to uphold and refuse to cancel a contract consummated by fraud and misrepresentation, and thus, as between the deceiver and the deceived, bind the property and character of the latter because it is not apparent that he has suffered pecuniary damages, would certainly be most inequitable."

Nor does the statute of limitation apply, because statutes limiting actions after discovery of fraud apply only as against actions, not defenses. 37 C. J. 948-9; 34 Am. Jur. 57; Dixon et al. v. Hawkins, Adm'x, 178 Okla. 250, 62 P. 2d 251.

The judgment is sustainable on the ground of fraud.

In supplemental motion for new trial, plaintiff charged misconduct of the prevailing party, preventing a fair trial, and specified that defendants failed to disclose that a sale of the property was made on January 12, 1943, despite restraining order of the Supreme Court January 7, 1943; that said property was sold and deed issued to Marie Reed, formerly Marie Henderson, the former owner of said property, for the sum of $100, less in amount than the sale to plaintiff. Apparently the bid of $100 was not raised.

The supplemental motion for new trial may not properly be considered because not filed within three days after the judgment. It was not based upon any ground for which such motion may be filed after the expiration of three days from the date of judgment. But assuming our error in this, and assuming the subsequent sale to the former owner, without false representations, was at a price less than that for which it was sold to Miles, with false representations, and that the difference in the sale price is evidence of fraud, Miles' right as a taxpayer does not accrue until the proper officers, upon demand, have refused to remedy the matter. That situation has no bearing upon the merits of the case at bar.

State, etc., ex rel. Braly v. Ford et al., 189 Okla. 299, 116 P. 2d 988.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and WELCH, DAVISON, and ARNOLD, JJ., concur.