WILCOX OIL CO. et al. v. JACKSON et al.

No. 32960.   Sept. 23, 1947.

Rehearing Denied Oct. 21, 1947.

*185 P. 2d 462.*

Savage, Gibson & Benefield, of Oklahoma City, for petitioners.

Lawrence Jones, of Bristow, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This is an original proceeding brought in this court by petitioners, Wilcox Oil Company and Massachusetts Bonding & Insurance Company to review an award of the State Industrial Commission awarding compensation to respondent Robert E. Jackson.

Respondent in due time filed his first notice of injury and claim for

compensation, stating that on the 18th day of June, 1945, while in the employ of Wilcox Oil Company he sustained an injury consisting of burns to both legs, left arm and to his face, neck and chest resulting in permanent disability.

The trial commissioner before whom the case was heard found that on the 18th day of June, 1945, respondent while in the employ of Wilcox Oil Company and engaged in a hazardous employment sustained an accidental personal injury arising out of and in the course of his employment resulting in burns to his face, neck, left shoulder, left side and both legs, and further found that by reason of such injury he sustained a 50 per cent permanent partial disability to his body as a whole and entered an order awarding respondent compensation in the sum of $5,250 or 250 weeks at $21 per week.

This award was affirmed on appeal to the commission en banc.

Petitioners challenge the award on two grounds: First, that the award is not sustained by the evidence and is contrary to law; second, that the findings of fact of the commission are too indefinite to form a basis for the award.

The evidence is undisputed that the respondent, on the 18th day of June, 1945, was in the employ of Wilcox Oil Company and while engaged in starting a gasoline motor the motor exploded causing a fire which ignited his clothing whereby he received burns to his face, neck, chest, both legs and left shoulder, and that since such injury he has been unable to perform ordinary manual labor. The medical testimony is undisputed that respondent by reason of his accidental injury received June 18, 1945, sustained a 50 per cent permanent partial disability to his left leg, 25 per cent permanent partial disability to his right leg and a 50 per cent permanent disability to his left arm. Doctors Coppage and

King both so testified and also testified that in addition to the above mentioned specific injuries, respondent by reason of the burns received to his neck, chest and face, sustained an additional disability to his body as a whole and that by reason of all injuries he sustained a 75 per cent permanent partial disability to the body as a whole.

Assuming that the commission was authorized under the statute to combine "other cases" injuries with specific member injuries for the purpose of arriving at a percentage of disability to the body as a whole, there is sufficient evidence to sustain the award and the findings of fact are sufficiently definite to form the basis for such an award.

Petitioners, however, contend that there is no authority under the statute to combine such injuries for the purpose of arriving at a percentage of disability to the body as a whole. It is urged that the statute, 85 O.S. 1941 §22, requires in cases of this character that the commission should find the disability sustained by reason of the specific member injuries and award compensation in accordance with the schedule for such injuries, and in addition thereto should find the disability sustained by reason of the "other cases" injuries and award compensation for such injuries. In support of this contention they rely upon the case of J. E. Trigg Drilling Co. v. Daniels, 193 Okla. 644, 145 P. 2d 944. We there said:

"Where there is total loss of an arm an award based upon a factor of 250 weeks is arbitrarily required by the Workmen's Compensation Act, and where there is also a disabling injury under the 'other cases' provision of the act, which injury alone disables the man 30 per cent of his total ability, an award based upon a total factor of 400 weeks is proper."

The court in this case followed the rule announced in the cases of Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P. 2d 873, and Mudge Oil Co. v. Wagnon,

193 Okla. 466, 145 P. 2d 185. Neither of these cases, however, specifically hold that the commission is not authorized to combine such injuries for the purpose of arriving at a percentage of disability to the body as a whole where the evidence shows the cumulative effect of such injuries is to create such disability. These cases simply hold that under the facts there presented the injured workman was entitled to compensation for the disability sustained by the loss of specific members computed according to the schedule in addition to compensation for disability sustained because of "other cases" injuries.

The undisputed evidence in this case shows that if the commission had computed compensation according to the rule there announced, it would have resulted in an award in favor of respondent in excess of the award made by the commission. Petitioners are therefore not injured by the award and will not be heard to complain. Massachusetts Bonding & Ins. Co. v. Satterfield, 188 Okla. 154, 108 P. 2d 218.

Respondent under the evidence in this case and under the above authorities undoubtedly might have insisted that compensation should have been computed under the rule announced therein and as urged by petitioners. He is, however, not complaining but is here insisting that the award be sustained.

In the case of Constitution Indemnity Co. v. Beckham, 144 Okla. 81, 289 P. 776, we said:

"Where an employee suffers the loss of all of the toes on one foot, and the record shows 40 per cent disability to the foot, the provisions for the specific award for the loss of toes governs over the provisions for the percentage of disability to the foot, and the employee is entitled to an award of 70 weeks, notwithstanding the 40 per cent disability provision would entitle him only to an award of 60 weeks."

In this case we further said:

"For the loss of that portion of a foot consisting of a great toe or another toe the amount that should be awarded is fixed by the statute. For the loss of a portion of a foot the percentage of loss governs. The per cent of loss must not be less than the amount fixed by the statute for the loss of the toes and may be as much larger as the facts justify."

In the case of Wetherbee Electric Co. v. Carmichael, 194 Okla. 121, 148 P. 2d 188, we held that where an injured workman suffers injury to two specific members, it is for the determination of the Industrial Commission as to his percentage of total disability with due regard to the cumulative effect of such injuries. The rule there announced has been followed and enlarged upon in the case of Special Indemnity Fund v. Mc-Millin, 198 Okla. 412, 179 P. 2d 475.

While the commission made no separate findings as to the disability sustained by respondent by reason of his specific member injuries and "other cases" injuries, it did find that by reason of all of such injuries he sustained a 50 per cent permanent partial disability to his body as a whole and awarded compensation in accordance with such finding. There is ample evidence, admitted without objection, to sustain such finding and award.

We conclude that although petitioners may be correct in their contention that the commission did not, under the evidence, strictly follow the law in computing compensation, they are, for the reasons heretofore stated not injured by the award and are not therefore in a position to complain.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, and LUTTRELL, JJ., concur.