**OKLAHOMA TAX COMMISSION, and State Insurance Fund, Petitioners,**

v.

**June D. EVANS and Workers' Compensation Court, Respondents.**

No. 77220.

Court of Appeals of Oklahoma, Division No. 4.

Feb. 25, 1992.

John R. Schneider, State Insurance Fund, Oklahoma City, for petitioners.

Gloria E. Trout, Charles L. Cashion, Lampkin, McCaffrey & Tawwater, Oklahoma City, for respondents.

REIF, Judge.

The State Insurance Fund seeks review of the three-judge panel's order that modified the trial court's award by combining permanent partial impairment to both of Claimant's hands into permanent partial impairment to the body as a whole. The State Fund acknowledges that the hands are "scheduled members" under 85 O.S.Supp.1990 § 22, and that 85 O.S.Supp. 1990 § 3(11) provides an exception for utilizing the AMA *Guides* in evaluating permanent impairment of scheduled members. However, the State Fund contends that the exception for evaluating impairment to the scheduled members themselves does not extend to *combining impairment* to scheduled members for purposes of evaluating impairment to the body as a whole. The State Fund argues that permanent impairment to the body as a whole can only be evaluated pursuant to the *Guides* and that the *Guides* do not provide for combining impairment to scheduled members for that purpose.

By *excepting* scheduled members from the *Guides,* the legislature intended to do so for *all* purposes, including the combining of impairments to scheduled

members. Nothing in the legislative mandate for employing the *Guides* indicates that the legislature intended to depart from or overrule the long-standing body of law—both statutory and case law—that treats evaluation of impairment to scheduled members differently. It is well settled that: "Multiple injuries to major specific members may be compensated on the basis of their cumulative effect upon the total disability to the body as a whole, if there is competent medical evidence to show such disability." *Stoldt Builders, Inc. v. Thomas*, 393 P.2d 875, 877 (1964).[1]

Claimant's doctor, the State Fund's doctor, and the independent, court-appointed doctor *all* combined the impairment to Claimant's hands into impairment to the body as a whole and the evaluation and opinion of those doctors is ample competent evidence to support the order of the three-judge panel. The modification of the trial court's award of benefits by combining the permanent partial impairment to both of Claimant's hands into permanent partial impairment to the body as a whole was neither erroneous as a matter of law or unsupported by competent evidence. The order of the three-judge panel is summarily affirmed pursuant to Civil Appellate Procedure Rule 1.201, 12 O.S.Supp.1990, ch. 15, app. 2, and the controlling authority cited herein.

BACON, C.J., and STUBBLEFIELD, J., concur.

---

1. *See also Wilcox Oil Co. v. Jackson*, 199 Okla. 318, 185 P.2d 462 (1947) and *Norwood v. Lee* *Way Motor Freight, Inc.*, 646 P.2d 2 (Okla.Ct.App.1982).