Note.—See under (1) 40 Cyc. pp. 1225 (Anno), 1358; 28 R. C. L. p. 367; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 75. (2) 19 C. J. p. 422, §49; pp. 423, 424, §51; p. 424, §52; anno. 40 L. R. A. (N. S.) 986; 9 R. C. L. Supp. p. 542; 2 R. C. L. Supp. p. 829; 6 R. C. L. Supp. p. 564. (3) 19 C. J. pp. 439, 440, §76; 9 R. C. L. p. 557; 2 R. C. L. Supp. p. 835. (4) 40 Cyc. pp. 1284 (Anno), 1358.

---

## NORRIS v. HARE.

No. 17515.   Opinion Filed July 19, 1927.

Rehearing Denied Sept. 27, 1927.

(Syllabus.)

**Appeal and Error—Questions of Fact—Conclusiveness of Verdict—Reversal in Part Where Certain Items of Judgment Unsupported by Evidence.**

When questions of fact are submitted to a jury, under proper instructions, the jury's verdict and the judgment of the court rendered thereon, will not be disturbed on appeal where there is any evidence reasonably tending to support the same, but where there are different items embraced in the judgment and some are reasonably supported by the evidence and there is no evidence reasonably tending to support others, this court will affirm the judgment as to the items supported by the evidence and reverse the judgment as to those items not supported by the evidence.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by W. C. Norris, sole trader, doing business as W. C. Norris Motor Sales Company, against George T. Hare. Judgment for plaintiff, and for defendant on crosspetition, and plaintiff appeals. Affirmed in part and reversed in part.

C. A. Steele and W. A. Daugherty, for plaintiff in error.

E. A. Robinson and Quincy J. Jones, for defendant in error.

PHELPS, J. The parties will be herein referred to as they appeared in the trial court.

W. C. Norris sold to George T. Hare an automobile for the purchase price of $2,200, taking in payment therefor a used automobile at an agreed price of $750, the balance to be paid in installments, such installments evidenced by promissory notes. Hare, having become delinquent in his installments, voluntarily surrendered possession of the automobile to Norris, who, after notice, offered said automobile for sale to pay the balance due on the purchase price. There being no other bidders at the sale, Norris bought in the automobile for $300. He claims that with the $300 he paid the interest and attorney's fees and credited the balance on Hare's note. He then brought suit in the district court of Tulsa county to recover the balance due on the note. Hare filed his cross-petition and pleaded conversion, damages, etc., and prayed for judgment against Norris for the value of the autotmobile and also prayed for punitive damages.

The cause was tried to a jury, resulting in a verdict in favor of plaintiff for $1.738.12, the amount due on the note, also a verdict in favor of defendant on his cross-petition for $1,738.12, actual damages, and $500 as punitive damages. Upon this verdict judgment was rendered, to reverse which plaintiff prosecutes this appeal.

It is the contention of defendant that he, being delinquent in his payments some five or six months, such delinquency amounting to about $700, voluntarily surrendered the automobile to the plaintiff with verbal understanding and agreement that it should be held by plaintiff "until such time as defendant could make payment"; that plaintiff refused to abide by such arrangement and notified defendant that the automobile would be sold under the terms of the mortgage given to secure the balance of the purchase price. He contends, however, that plaintiff then further verbally agreed that he, plaintiff, would bid on and buy in the automobile, and hold it for defendant until such time as he could pay the balance of the purchase price.

It appears from the evidence that after the automobile was bought in by plaintiff there were some negotiations between plaintiff and defendant in an effort on the part of each to reach an agreement whereby the automobile would be returned to the possession of defendant. Defendant offered to

pay plaintiff $250 on the unpaid balance, but plaintiff refused to accept this amount and referred defendant to his attorney. Plaintiff retained possession of the automobile for several months, when he sold it to another party for $1,250.

From these facts it will thus be seen that it is, in substance, the contention of defendant that plaintiff was not in good faith in the sale and purchase of the automobile, and that the manner in which he handled the transaction amounted to conversion of the automobile by plaintiff, while it is the contention of plaintiff that he acted in good faith and when he bought the automobile at the mortgage sale it became his property to be disposed of as he saw fit, and that he had the legal right to collect the unpaid balance due on defendant's notes.

Unquestionably plaintiff had a right, under section 7648, C. O. S. 1921, to buy in the automobile at the mortgage sale. Said statute reads as follows:

"The mortgagee, his assigns, or any other person may in good faith become a purchaser of the property sold."

While it is not stated in so many words in the court's instructions, in reality the question submitted to the jury was whether plaintiff was, in good faith, the purchaser of the automobile at the mortgage sale, or whether he held the automobile in obedience to an agreement with the defendant.

Construing section 7648, supra, in First State Bank of Ardmore v. Daugherty, 31 Okla. 179, 120 Pac. 656, in the second paragraph of the syllabus, this court said:

"* * * A chattel mortgagee is entitled in good faith to become such purchaser, but when he does so, and the sale is attacked, the burden is upon him to show that the sale was openly and fairly conducted, and that the price paid was not so grossly inadequate as to raise a presumption of bad faith."

In the instant case counsel for plaintiff particularly complain of instructions 3 and 4 given by the trial court. The instructions merely attempted to define plaintiff's duty and measure the limitation of his rights when he sold the automobile in question under his chattel mortgage and bought it in himself. We will not say that their contention is without merit, but, when considered with all the other instructions in the case, we are not able to say that the errors, if any there be, are sufficient to justify a reversal. and see no good reason why we should depart from the rule heretofore laid down that, where all of the instructions,

taken together and considered as a whole, fairly present the law of the case and there is no conflict between the different paragraphs thereof, this will be sufficient. Hope Natural Gas Co. v. Ideal Gas Co., 114 Okla. 30, 243 Pac. 206.

Therefore, since these questions were submitted to the jury under what we deem a fair statement of the law in the instructions, we cannot disturb the jury's verdict where there is any evidence reasonably tending to support it.

A different condition prevails, however, in regard to the jury's verdict for punitive damages. We have thoroughly searched the record and are unable to find a vestige of evidence upon which to predicate a verdict and judgment for punitive damages against plaintiff, and, there being none, we deem it our duty to reverse that part of the judgment giving to defendant punitive damages on his cross-petition.

The judgment is, therefore, affirmed in all respects except that part thereof with reference to punitive damages, which is hereby reversed.

All the Justices concur.

Note.—See 4 C. J. p. 853, §2834; p. 856, §2835; p. 1181, §3215; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.