### HOLBROOK v. MOORE.

No. 25736.    May 26, 1936.

Ernest F. Jenkins, for plaintiff in error.

Brown Moore and R. J. Shive, for defendant in error.

PHELPS, J. The plaintiff recovered a verdict and judgment against the defendant for attorney's fees earned by plaintiff in five cases wherein he had formerly represented the defendant.

In appealing, defendant urges that the trial court erred in permitting plaintiff to introduce in evidence the files of several criminal cases in which the defendant was not involved. The defendant says that this tended to associate him, in the minds of the jury, with persons who had been convicted of felonies.

The files in the cases were admissible. The evidence reveals that the plaintiff was representing the accused persons in the criminal cases and was at the same time representing the defendant in cases which had interlocking features with those cases; that in representing the defendant the plaintiff conferred repeatedly with the accused persons in those cases, in matters determining the course of his conduct as attorney for the defendant. His services as defendant's attorney were jointly connected with his activity in the criminal cases. In fact, from the beginning of the trial to its end those cases and parties were necessarily referred to by the witness, and it would have been impossible to get a complete understanding of the plaintiff's services to defendant or the value thereof without referring to those matters.

In the second place it does not appear that the defendant was improperly prejudiced by the introduction of the files in the criminal cases. At the suggestion of the court, the plaintiff pointed out to the jury that the criminal cases were an entirely different class of cases than the one in suit, and that the defendant was not charged with any crime, other than a charge of nepotism which was evident anyway, for it was one of the actions concerning which the plaintiff was suing the defendant for the recovery of attorney's fees. Too, it was apparent from the face of the files in those actions that the defendant was not one of the accused persons therein.

The plaintiff's petition was itemized. There were five items therein, the first item being for $50 for representing defendant in a certain action, the second item being for $50 for representing him in another action, and the third item being for $150 for representing him in a third action. Similarly, the fourth and fifth items, being for $150 and $100, respectively, covered two other employments. The defendant admitted item No. 1, for $50, and $50 of the $150 sued for in item 3. The trial court instructed the jury that there was no controversy over items 1 and 2. This was error. The court should have instructed that there was no controversy over item 1, nor as to $50 of the $150 sued for in item 3. There was in fact a controversy over item 2.

However, though this was error, it does not necessarily follow that there should be a reversal unless the defendant was injuriously affected thereby. The defendant admitted owing $100. When the court instructed the jury that there was no controversy over items 1 and 2 he thereby permitted the jury to return a verdict of $100 on those items, since each was for $50. But the defendant admitted an indebtedness of $100 anyway, except that instead of admitting item 2 he admitted item 3 to the extent of $50. On first thought, it would appear to be immaterial to the defendant whether his admission of $50 of the indebtedness was ascribed to item 2 or item 3. To make it clearer, defendant admitted the indebtedness of item 1, and the court instructed that there was no controversy as to item 1. Therefore we may eliminate item 1 from consideration. Item 2 was for $50, and it was not admitted by defendant. But since under item 3 the defendant did admit liability of $50, and since the court did not state that fact to the jury, it could be argued that no harm was done by permitting the $50, admittedly due, to go in under item 2 instead of item 3.

The defendant admits the force of this

reasoning, but points out that his defense to items 4, 5 and 2 were the same defense, and therefore when the judge instructed the jury that there was no controveryy as to item 2, it was tantamount to wiping away his defense to items 4 and 5. The court, in the remainder of the instructions, fairly submitted to the jury the theory of the defense on the remaining items and the jury resolved that issue against the defendant. Now it could be said with a modicum of reasoning that if the jury had believed the defendant it would have found for him on items 4 and 5; that the defense which the defendant claims was taken away from him as to item 2 was fairly submitted to the jury as to items 4 and 5, yet the jury evidently failed to believe that defense as to any items whatsoever, because it returned a verdict for plaintiff for the full amount of all five items; that it would therefore appear that the jury did not believe this defense and that even if the judge had not erroneously instructed that there was no controversy as to item 2, the jury would necessarily have rejected the defense as to that item, since it did reject the same defense to the other items.

However, there is a grave weakness in the reasoning which we have set forth in the preceding paragraph. That weakness is best stated in this interrogatory form: Did the jury hold against defendant on items 4 and 5 **because** it disbelieved the defense as to items 4 and 5, or was it because it believed (from the judge's instruction) that defendant had admitted item 2 and had therefore **inferentially** admitted items 4 and 5? Since the same defense was made to item 2 as was made to items 4 and 5, did the jury assume that the defendant had abandoned that defense, when it was told that there was no controversy as to item 2? And that therefore there should rightfully be no controversy as to items 4 and 5?

We have no way of answering this question satisfactorily. It would simplify our problem if we could assume that the jury detected the inadvertence, that it believed that when the judge said "items 1 and 2" he meant "item 1 and $50 of item 3", but we are not authorized to speculate as to the jury's mental processes. Nor would we be justified in assuming that as to items 4 and 5 the jury was uninfluenced by the misdirection on item 2. Consequently there exists no logical basis for calling the error harmless. We must therefore hold that to the extent hereinafter described, the rights of the defendant were substantially and prejudicially affected.

This is not that kind of case, however, where the error should cause a reversal of the entire recovery. The defendant admitted indebtedness on item 1 to the full amount prayed for thereon. He admitted $50 indebtedness on item 3, but evidently the recovery was for the full amount prayed for thereon, $150, for the verdict was in the same amount as the total of all the items, plus interest. Defendant makes no complaint of the recovery on either items 1 or 3, and it is obvious that the erroneous instruction could not have affected those items. The modern tendency of appellate courts, in remanding a cause for a new trial, when error exists only as to one or more issues and the judgment in other respects is free from error, and when the error can clearly be seen not to have reached over and affected those issues in which there was no error, is to limit the new trial to the issues affected by the error. See 2 R. C. L. 287; 4 C. J. 1194, 1195; Curtis & Gartside Co. v. Pigg, 39 Okla. 31, 134 P. 1125; Lone Star Gas Co. v. Parsons, 159 Okla. 52, 14 P. (2d) 369.

The judgment as to items 1 and 3, amounting to $200 and interest on that sum from January 5, 1932, is affirmed. The judgment as to items 2, 4, and 5 is reversed and the cause remanded, with directions to limit the new trial to the determination of whether liability exists on those items, and, if so, judgment for the extent thereof. The plaintiff in error will pay the costs of this appeal.

RILEY, WELCH, CORN, and GIBSON, JJ., concur.