**F. J. HALLFORD, Leo W. Hoyt, Leo W. Hoyt, d/b/a Hoyt Refrigeration Company, and J. R. Ross, Plaintiffs in Error,**

**v.**

**R. G. SCHUMACHER, Administrator of the Estate of Oyssie Mildred Schumacher, Deceased, Defendant in Error.**

**No. 37119.**

Supreme Court of Oklahoma.

Feb. 25, 1958.

Rehearing Denied April 8, 1958.

Rucker, Tabor & Cox, W. F. Kyle and Hudson & Wheaton, Tulsa, for plaintiffs in error.

Robert W. Raynolds, J. W. Hastain, Tulsa, for defendant in error.

JACKSON, Justice.

This is an action by R. G. Schumacher, Administrator of the Estate of Oyssie Mildred Schumacher, deceased, to recover damages flowing from injuries and the subsequent death of decedent who was struck by an automobile driven by one of the defendants.

Two causes of action were alleged. The first cause of action was brought under the wrongful death statute for damages sustained by the surviving husband and a minor child. The second cause of action was the survival action of the wife brought on behalf of her estate to recover for medical and hospital bills, funeral expenses, and conscious pain and suffering endured by deceased prior to her death.

Under appropriate instructions, with nine jurors concurring, a verdict was returned for $5,000 on plaintiff's first cause of action for wrongful death, and $4,374.85 for medical, hospital, and funeral expenses on plaintiff's second cause of action but specifically denying any damages for pain and suffering. The proof of pain and suffering was clear, convincing and undisputed.

Plaintiff filed a motion seeking a partial new trial for the sole purpose of determining the damages for pain and suffering. The motion for partial new trial was sustained by the trial court, and judgment was rendered in favor of plaintiff for the amounts awarded by the jury for the other elements of damage. This judgment is now final. Defendants appeal from the order and judgment granting the partial new trial. The parties will be given their trial court designations.

The only question presented is whether the trial court abused its discretion in granting a new trial for the sole purpose of determining damages for pain and suffering.

On the question of the validity of a verdict awarding medical expenses, but failing to award damages for pain and suffering, plaintiff invites our attention to an annotation appearing in 20 A.L.R.2d at page 276, wherein the author states:

> "The number of cases in which this question has been specifically answered is relatively small. But despite the dearth of authority, it seems permissible to state, on general principles, that *such a verdict is invalid,* and all the cases in which the particular point was involved are in accord with this rule."
> (Emphasis supplied.)

Assuming that such a verdict is invalid it does not necessarily follow that a partial new trial will cure the error and make the verdict valid. In one of the cases referred to in the annotation in support of the above quoted statement (Lo Bianco v. Willgrubs, 1942, 52 Dauph.Co., Pa., 358) the court denominated such a verdict a "sympathy" verdict. It does not appear in any of the annotated cases that a new trial was granted for the sole purpose of fixing the damages for pain and suffering but, on the contrary, the new trials were ordered as to all of the issues.

A failure to award any damages for pain and suffering where clearly proved, under proper instructions is in effect a finding of no liability, Ashland Coca Cola Bottling Co. v. Brady, 252 Ky. 183, 66 S.W.2d 57, whereas an award for medical and hospital expenses includes a finding that liability does exist. Therefore in the case before us, the proof of pain and suffering being clear and undisputed, it would appear that the jury was having its greatest difficulty with the question of liability. The issue of liability was vigorously contested and was not abundantly clear.

■ Courts are reluctant to grant a new trial as to damages alone unless it is clear that the error in assessing damages did not affect the entire verdict. The rule is stated in 39 Am.Jur., New Trial, 22, p. 46, as follows:

"As a condition to the granting of a partial new trial, it should appear that the issue to be tried is distinct and separable from the other issues, and that the new trial can be had without danger of complications with other matters. Particularly is this true where the error in the verdict relates to the amount of damages assessed, and it appears that this error was not the result of any ruling by or charge from the trial judge, but was committed solely by the jury itself after retiring to consider its verdict; in such a case it is difficult to say that the entire verdict was not affected by the cause from which resulted the error in the amount of damages. Nor may certain issues be retried unless it appears that the other issues have been rightly settled and that injustice will not be occasioned. * * *."

In Sec. 24, p. 48, it is further stated:

"As in any other case, to justify limiting a new trial to the single issue of damages, it must appear that the issue is clearly severable from the other issues in the case. In most cases damages and other issues are so blended and interwoven as to make it improper for the court to restrict a new trial to the question of damages alone. The instances in which a new trial upon the issue of damages alone may be proper are comparatively infrequent. Where it appears that the verdict was the result of a compromise, such error taints the entire verdict and requires a new trial as to all of the issues in the case. * * *."

The limitations expressed in the above statements are supported by a multitude of cases. See annotations appearing in 98 A.L.R. 941 and 29 A.L.R.2d 1199. As representative of the cases cited we quote from the following:

In Murray v. Krenz, 94 Conn. 503, 109 A. 859, 861, the court said:

"The trial court may restrict the new trial to a given issue or issues, and on appeal we may exercise a like discretion. * * *

"The vesting in a court of such a discretion is a very different matter from according to a litigant asking as of right that a new trial be so limited. A litigant should not be able to select for rehearing the issue decided adversely to him and retain those issues decided in his favor. As a rule, the issues are interwoven, and may not be separated without injustice to one of the parties.

"The practical difficulty of a rehearing before a new jury, for example, of the issue of damages while retaining the decision of the first jury upon the issue of liability is apparent. Usually these issues will be inextricably interwoven.

"If the verdict be a compromise one—that is, one where some of the jurors have conceded liability against their judgment, and some have reduced their estimate of the damages in order to secure an agreement of liability with their fellow jurors—a new trial confined to the single issue of damages will be a serious injustice to the defendant. He has never had the issue of liability determined by the conscientious conviction of all of the jury. And that he is entitled to have."

In Schuerholz v. Roach, 4 Cir., 58 F.2d 32, 34, certiorari denied 287 U.S. 623, 53 S.Ct. 78, 77 L.Ed. 541, where the jury awarded inadequate damages, the court said:

"Such a finding ought not to stand. It ought to be set aside not only as to damages, but as to liability, for it speaks with no greater authority on the one subject than on the other."

In Southern Pac. Co. v. Gastelum, 36 Ariz. 106, 283 P. 719, 725, where the trial court had ordered a new trial on the question of damages only, the court said:

"The final assignment is that the court erred in granting a new trial for the sole purpose of ascertaining the amount of damages. * * *.

"The issue of liability was vigorously contested and the evidence thereon, though conflicting, was such that reasonable men could have taken defendant's view of it. This being true, the smallness of the verdict can be accounted for only upon the theory that it was a compromise on the issues of liability and the amount of damages. * * *.

"The court should never permit a party to an action to select for retrial the issues decided against him and upon the rehearing treat those decided in his favor as settled, when the issues are interwoven and cannot be separated without injustice to the other party."

In Whitacre v. State Bank of Keats, 140 Kan. 106, 34 P.2d 569, the court held that when a jury returns inconsistent verdicts there should be a new trial as to *all* issues. In the first paragraph of the syllabus it was held:

"* * * The defense to all three causes was the same—that the loans were not made to the bank but to the signer of the receipts. The jury returned a verdict for plaintiff on the first cause of action and for defendant on the last two causes of action. Held, that the verdicts are inconsistent with each other and afford no basis for a judgment in favor of either party, and a new trial as to all issues should have been granted."

In Lone Star Gas Co. v. Parsons, 159 Okl. 52, 14 P.2d 369, 376, wherein we affirmed as to liability and reversed for new trial for the assessment of damages, in the body of the opinion we said:

"* * * Had there been any indication of passion or prejudice or in a case reversed because of the smallness of a verdict it appeared that the very rendition of it for a plaintiff was because of a compromise, we would rarely reverse a judgment without ordering a new trial of the whole case, for we could not be satisfied that the finding of facts as to the existence of the cause of action did not depend upon passion, prejudice, or compromise, unless the evidence should be very clear that the plaintiff was entitled to recover. * * *."

Other Oklahoma cases wherein the question has arisen, or the rule has been applied, are Curtis & Gartside v. Pigg, 39 Okl. 31, 134 P. 1125; Davis v. Baum, 192 Okl. 85, 133 P.2d 889; Miles v. Parkinson, 193 Okl. 380, 142 P.2d 856; Fruechting v. Gilley, Okl., 259 P.2d 530; Chickasha Cotton Oil Co. v. Hancock, Okl., 306 P.2d 330; and Holbrook v. Moore, infra.

All of the cases that have come to our attention involved the question of whether it was proper to treat the question of liability as settled and grant a new trial for the purpose of ascertaining the amount of all the damages. No case has been cited where there was an attempt, in a personal injury action, to limit the new trial to only one element of damages as was done in the case at bar.

■ In the case before us all elements of damages were clearly proved. The fact that deceased suffered considerable conscious pain and suffering is not disputed. Therefore it appears that the jury has determined the question of liability in favor of plaintiff on his first cause of action and on a part of the second cause of action (for hospital and medical expenses), but determined the question of liability adversely to plaintiff on his second cause of action insofar as it relates to the question of conscious pain and suffering.

Our attention is invited to Holbrook v. Moore, 177 Okl. 173, 58 P.2d 865, 867, wherein we affirmed the judgment of the trial court in part and reversed in part for new trial. Therein it appears that plaintiff, an attorney, had represented defendant in five different criminal matters under five separate and independent contracts or agreements for his services. The issues were not interwoven. Defendant therein had admitted liability on the first and third items constituting plaintiff's ac-

count. We held that the trial court's error did not affect items one and three but did affect items two, four and five, and affirmed as to items one and three and reversed as to items two, four and five. In the body of the opinion we said:

"The modern tendency of appellate courts, in remanding a cause for a new trial, when error exists only as to one or more issues and the judgment in other respects is free from error, and when the error can clearly be seen not to have reached over and affected those issues in which there was no error, is to limit the new trial to the issues affected by the error."

The Holbrook case does not go so far as to uphold an inconsistent verdict.

We conclude that the verdict was inconsistent and invalid. Plaintiff would have been entitled to a new trial on *all* the issues, but having limited his motion for new trial to the sole question of damages for pain and suffering relief cannot be granted.

The judgment of the trial court in granting a partial new trial is reversed.

CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, and CARLILE, JJ., concur.

BLACKBIRD, J., dissents.