Gordon L. BURKETT, Plaintiff in Error,

v.

Helen Mary MORAN, Defendant in Error.

No. 40554.

Supreme Court of Oklahoma.

Oct. 26, 1965.

Rehearing Denied Feb. 7, 1966.

Jack I. Gaither, Tulsa, for plaintiff in error.

Rucker, Tabor, Shepherd & Palmer, Thomas L. Palmer, O. H. "Pat" O'Neal, Paul McBride, Tulsa, for defendant in error.

JACKSON, Vice Chief Justice.

This appeal arises out of a "whip-lash" injury sustained by plaintiff, Gordon L. Burkett, on February 4, 1962. Plaintiff's automobile was stopped in a line of traffic; an automobile driven by defendant Helen Mary Moran struck another one and drove it into plaintiff's automobile so as to cause the "whip-lash" injury.

Plaintiff sued for the cost of repairing his automobile, past and future medical expenses, loss of earnings and earning capacity, and past and future pain and suffering. He alleged that his injuries were permanent.

The jury returned the following verdict:

"We, the jury impaneled and sworn in the above entitled cause do upon our oaths, find the issues for the plaintiff and fix the amount of his recovery at $2754.78. Includes $239.27 automobile repairs—$2,065.51 medical expense and $450.00 for one month's salary."

It appears that the "itemized statement" was voluntarily added by the jury to the form of verdict furnished by the court. No objection as to its form was made and judgment was pronounced thereon. Plaintiff appeals.

In this court, plaintiff argues, among other things, that "The jury's verdict is inconsistent in that it made no allowance for pain and suffering, even though it held the defendant liable for all special damages claimed".

Plaintiff's line of reasoning under this proposition is (1) that the verdict determined the issues of liability and damage in plaintiff's favor; (2) that the "itemized statement" added by the jury conclusively shows that no award was made for pain and suffering and (3) that under the uncontradicted evidence in this case, if defendant was liable at all, an award for pain and suffering was required.

This argument must be sustained, at least as to *past* pain and suffering. We find uncontradicted evidence to the effect that after the accident, plaintiff suffered severe pain; that he was in the hospital, in traction, for about three weeks on one occasion and about two weeks on another; and that during this time, and afterwards, he was receiving treatment and injections for relief from pain.

No witness for the defense testified that plaintiff had not undergone pain and suffering. There was testimony by an expert witness for the defendant to the general effect that when he examined plaintiff about nine months after the accident, he could find no physical manifestations of pain and no evidence of damage to nerve tissue or nerve roots, and that X-rays of plaintiff revealed no damage to bone structure. It was the conclusion of this witness that plaintiff had suffered no injury, and the above summarized testimony may fairly be said to have been adduced in support of that proposition. By its general verdict for plaintiff, the jury rejected this testimony; also, the summarized testimony cannot be said to constitute evidence that the plaintiff suffered no *pain* before the date of the examination by this expert witness.

■ In Hallford v. Schumacher, Okl., 323 P.2d 989, this court held:

"Where a jury returns a verdict allowing recovery for some elements of damages but specifically denying recovery for other elements of damages which have been clearly proved, and the issue of liability is the same with

reference to all elements of damage, the verdict is inconsistent within itself. \* \* \*".

In that case, which was a combined wrongful death action and a "survival" action in which, among other things, damages for pain and suffering were asked, plaintiff's evidence of pain and suffering was undisputed. The jury's verdict awarded plaintiff damages for wrongful death and for medical, hospital and funeral expenses, but specifically denied recovery for pain and suffering. However, plaintiff did not file an unqualified motion for new trial, but asked for a "partial" new trial on the question of damages for pain and suffering only. The trial court's order sustaining this motion was reversed in this court for reasons not pertinent here, but the court noted that "Plaintiff would have been entitled to a new trial on *all* the issues \* \*" if he had asked for it (as the plaintiff did in the case now before us).

This is in accord with the weight of authority. See annotation at 20 A.L.R.2d 276.

In answer to this proposition of plaintiff, defendant argues that "Objection to the form of verdict ordinarily is deemed waived unless made at time verdict is returned and before the jury is discharged", citing Bunch v. Perkins, 198 Okl. 517, 180 P.2d 664.

■ The power of the court to correct a verdict as to form rests in this state upon the last sentence of 12 O.S.1961, § 586, as follows:

"\* \* \* If, however, the verdict be defective in form *only*, the same may, with the assent of the jury, before they are discharged, be corrected by the court." (Emphasis supplied.)

The distinction between a verdict that is defective in form only, and one that is defective in substance, is not always clear. In 53 Am.Jur. Trial, Sec. 1094, it is said:

"A verdict in a civil case which is defective or erroneous as to a mere matter of form *not affecting the merits or rights of the parties* may be amended by the court to conform it to the issues and to give effect to *what the jury unmistakably found.*

"While the practice of amending verdicts in matters of form is one of long standing, based on principles of the soundest public policy in the furtherance of justice, it is strictly limited to cases where the jury have expressed their meaning in an informal manner. *The court has no power to supply substantial omissions,* and the amendment in all cases must be such as to make the verdict conform to the real intent of the jury." (Emphasis supplied.)

In the case now before us, the alleged defect in the verdict consists of the fact that because of the "itemized statement" voluntarily added by the jury to the form of verdict furnished by the court, the record affirmatively shows that no award for pain and suffering was made. In the absence of the itemized statement it could not be conclusively said, under applicable law, that an award for such element of damages was not included in the verdict.

As rendered, the verdict in this case cannot be said to be uncertain, and there is no question as to "what the jury unmistakably found". They clearly intended that plaintiff should have no recovery for pain and suffering. Any correction or amendment of the verdict on this point could not be said to be a correction "as to a mere matter of form not affecting the merits or rights of the parties".

■ We therefore hold that the alleged defect in the verdict in this case was not such a defect in form only as could have been cured by amendment as outlined in 12 O.S.1961, § 586. It follows that plaintiff's failure to object to the form of the verdict at the time it was returned is not fatal.

■ The first sentence of the verdict returned in this case constitutes a general verdict for plaintiff, determining the issues of liability and damage in plaintiff's favor. Under the uncontradicted evidence, if defendant was liable to plaintiff at all,

plaintiff was entitled to recover damages for past pain and suffering. The "itemized statement" added by the jury conclusively shows that no award was made for this element of damages. The verdict is therefore inconsistent with itself and plaintiff is entitled to a new trial. Hallford v. Schumacher, Okl., 323 P.2d 989.

The judgment is reversed and the cause is remanded to the trial court with directions to grant plaintiff a new trial.

BLACKBIRD, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.

HALLEY, C. J., and DAVISON and WILLIAMS, JJ., dissent.