2017 OK CIV APP 40

**Nickolas Lee SHARP, Plaintiff/Appellee,**

v.

**Kelly Lynn WHITWORTH,
Defendant/Appellant.**

Case Number: 115064

Court of Civil Appeals of Oklahoma,
Division No. 3.

Decided: 08/04/2017

Mandate Issued: 09/05/2017

---

James E. Dunn, Scott B. Hawkins, JAMES DUNN & ASSOCIATES, P.L.L.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

A. Mark Smiling, Shena E. Burgess, SMILING, SMILING & BURGESS, Tulsa, Oklahoma, for Defendant/Appellant.

Barbara G. Swinton, Judge:

¶1 Defendant/Appellant Kelly Lynn Whitworth (Defendant) appeals the trial court's order granting, in part, Plaintiff/Appellee Nickolas Lee Sharp's (Plaintiff) motion for new trial. Below, the jury found in favor of Plaintiff on liability, but did not award any damages. The trial court ordered a new trial on damages only, but directed the parties to meet and confer regarding their willingness to reach an agreement regarding liability and punitive or exemplary damages, specifically ordering the parties to discuss the possibility of Defendant admitting liability and Plaintiff withdrawing the claim for punitive damages upon retrying the case. Because we find that the trial court did not abuse its discretion in granting a new trial, we affirm.

## BACKGROUND

¶2 Plaintiff and Defendant were involved in a motor vehicle collision on September 7, 2012. Plaintiff filed an action in Oklahoma County against Defendant seeking damages for negligence as well as punitive damages. A jury trial was held on March 22, 2016. The evidence and testimony at trial showed that on the date of the collision, Defendant was driving in the slow lane on southbound Interstate 35 in Edmond, Oklahoma. Defendant's speed was a disputed issue at trial. Plaintiff, through his expert witness, John Smith, an accident reconstructionist, opined that Defendant was traveling between 85 and 95 miles per hour. Defendant testified that she was likely traveling around 70 or 75 miles per hour, though she did not know for sure. Defendant did not dispute that she changed lanes, ultimately rear-ending the Plaintiff's vehicle. Plaintiff testified that his vehicle was sent across several lanes of traffic, and eventually hit the concrete barrier, flipping the vehicle on its side.

¶3 Plaintiff testified that he immediately felt pain in his back following the collision. At trial, he described the amount of pain that he felt while he was being treated at the scene. Plaintiff's wife testified that when she received a call from the accident scene, she could hear her husband screaming in pain. As a result of the collision, Plaintiff sustained a fracture of his L1 vertebra. In months following the accident, Plaintiff was treated by a neurosurgeon, and underwent physical therapy for his back. According to records of his neurosurgeon, Plaintiff reached maximum medical improvement, and Plaintiff concluded treatment with the neurosurgeon. Plaintiff testified that although the pain levels in his back had improved since the accident, the pain is still lingering. He also testified that even though he is physically able to do certain activities, he is in pain by the end of the day and could not do all of the things that he wanted to do with his family. Additionally, Plaintiff testified that he was able to work with no accommodations, and could not think of anything that he could not do the day of trial that he could do prior to the collision. Plaintiff stated that he was able to mow and edge the yard, play basketball with his children, and ride four wheelers. However, Plaintiff also testified that his back "feels like it's on fire all the time," and that his back hurts every day.

¶4 Plaintiff and Defendant each presented testimony of medical expert witnesses. Defendant's expert, Dr. Sami Framjee, testified that the Plaintiff "may have some soreness", but nothing else needed to be done at this time and that Plaintiff was healed. He also

testified that patients like Plaintiff "will have some aches and pains," and that the effects of his compression fracture are "permanent in nature." Plaintiff's expert, Dr. Jerry Pritchett, testified that Plaintiff may need future medical treatment, but could not testify to this conclusion within a reasonable degree of medical certainty.

¶ 5 The jury returned a verdict in favor of Plaintiff on his negligence claim, but awarded no damages. The jury also found that there was no reckless endangerment on the part of the Defendant, and therefore, found no punitive damages. After the jury verdict, Plaintiff filed a motion for new trial citing an inadequate damage award, pursuant to 12 O.S. 651 (4), and that the verdict was not sustained by sufficient evidence or is contrary to law regarding injury permanency and past pain, pursuant to 12 O.S. 651 (6). The trial court granted Plaintiff's motion in part, ordering a new trial on damages only. The order also directed the parties to meet and confer regarding the possibility of Defendant admitting liability if Plaintiff withdrew his claim for punitive damages. The record indicates that the parties did not meet pursuant to the court's order, and Defendant filed the instant appeal.

### STANDARD OF REVIEW

¶ 6 In *Capshaw v. Gulf Insurance Company*, 2005 OK 5, ¶ 7, 107 P.3d 595, 600, the Court describes the appellate review for the grant of a motion for new trial:

> A motion for new trial is addressed to the sound discretion of the trial court. When a trial court grants a new trial and its decision is appealed, we will indulge every presumption in favor of that decision's correctness. In reviewing a trial court's grant of new trial, the standard of review an appellate court must apply is whether the trial court abused its discretion. Because a trial court's discretion is broad, its ruling will not be disturbed by the reviewing tribunal in the absence of a clear showing of a manifest error or abuse of discretion with respect to a pure, simple and unmixed material question of law.

(Footnotes omitted). "The threshold for upholding the grant of a new trial is much lower than where the motion is overruled." *Ledbetter v. Howard*, 2012 OK 39, ¶ 9, 276 P.3d 1031, 1034. "Furthermore, where the issues raised necessitate an examination of the entire lower court record, we will examine such record to determine if the trial court, in granting the new trial, abused his discretion, acted arbitrarily, or erred on some unmixed question of law." *Strubhart v. Perry Memorial Hosp, Trust Authority*, 1995 OK 10, ¶ 17, 903 P.2d 263, 270 (citation omitted). "An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Spencer v. Oklahoma Gas & Electric Company*, 2007 OK 76, ¶ 13, 171 P.3d 890, 895 (emphasis omitted). Finally, where the new trial is granted by the same judge who presided over the trial, "a much stronger showing of error or abuse of discretion is required for this Court to reverse than if a party appeals from a refusal to grant a new trial." *Propst v. Alexander*, 1995 OK 57, ¶ 8, 898 P.2d 141. However, "if any competent evidence supports the jury verdict, it is an abuse of discretion for the trial court to grant a new trial." *Clay v. Choctaw Nation Care Center, LLC*, 2009 OK CIV APP 35, ¶ 11, 210 P.3d 855.

### ANALYSIS

¶ 7 Defendant argues that because there was substantial competent evidence to support the jury's verdict, the trial court erred in granting a new trial. Plaintiff argues that the jury verdict was inadequate and inconsistent with regard to past pain and suffering, as well as the permanency of his injuries.

¶ 8 In granting a new trial on the grounds of inadequate damages, insufficient evidence, or otherwise, a trial court may not substitute its own judgment for that of the jury or act as a "thirteenth juror." *Dodson v. Henderson Props., Inc.*, 1985 OK 71, ¶ 11, 708 P.2d 1064. "[I]n an action for damages, where the evidence is conflicting but the verdict of the jury is sustained by competent evidence, it is an abuse of discretion for the trial court to grant a new trial upon the ground that the verdict of the jury is con-

trary to the evidence." *Wright v. Central Oklahoma Milk Producers Assn.*, 1973 OK 15, ¶ 39, 509 P.2d 464.

¶ 9 However, "when liability is established, and there is compelling *uncontroverted evidence* of damages, a zero damage award is inconsistent." *Clay v. Choctaw Nation Care Center, LLC*, 2009 OK CIV APP 35, 210 P.3d 855 (emphasis in original). Similarly, "[a] failure to award any damages for pain and suffering where clearly proved, under proper instructions is in effect a finding of no liability." *Hallford v. Schumacher*, 1958 OK 53, 323 P.2d 989. Under these circumstances, the jury verdict would be inconsistent and invalid. *Id.* In *Burkett v. Moran*, 1965 OK 165, 410 P.2d 876, the Supreme Court observed that, "[u]nder the uncontradicted evidence, if defendant was liable to plaintiff at all, plaintiff was entitled to recover damages for past pain and suffering." In support of this finding, the court noted that "[n]o witness for the defense testified that plaintiff had not undergone pain and suffering." *Id.*

¶ 10 Defendant asserts that much of the evidence was contradicted, such as the speed that the Defendant was driving, whether Plaintiff would require future medical treatment, whether Plaintiff could perform his job following the accident, and why he changed jobs in the months following the accident. However, these alleged disputes do not address whether Plaintiff sustained damages related to pain and suffering. That Plaintiff sustained an injury caused by the accident, and that he sustained pain following the accident, was uncontroverted by Defendant. Defendant's allegations of dispute appear to be focused on the egregiousness of Defendant's conduct for purposes of punitive damages, and Plaintiff's economic losses. We find that under the uncontroverted evidence, the jury's award of zero damages for pain and suffering is inconsistent with a finding of liability. The trial court did not abuse its discretion in granting Plaintiff a new trial on damages.

¶ 11 Defendant also asserts that the trial court abused its discretion by "putting the issues of reckless disregard and punitive damages back in front. of the jury." Defendant's argument is based on the fact that the trial court ordered the parties to meet and confer regarding their willingness to reach an agreement regarding liability and punitive or exemplary damages. However, the trial court's order does not, as written, put punitive damages back in front of the jury; it only sustains *in part* Plaintiff's motion for new trial on the issue of damages. We do not find reversible error in the court's suggestive language. A new trial may be granted solely on the issue of damages "where other fact issues are not interwoven and where it is clear that the error does not reach over and affect those issues in which there is no error and the judgment in other respects is free of error." *Lierly v. Tidewater Petroleum Corp.*, 2006 OK 47, ¶ 35, 139 P.3d 897 (citing *Hallford v. Schumacher*, 1958 OK 53, 323 P.2d 989). The jury was instructed on punitive damages and found that the Defendant did not engage in reckless conduct. The two issues are not interwoven, as one relates to the Defendant's conduct, while the other relates to Plaintiff's sustained damages. A trial on actual damages only would therefore be appropriate.[1]

¶ 12 A motion for new trial is left to the sound discretion of the trial court. Because there was uncontroverted evidence that the Plaintiff sustained pain and suffering, the jury's award of zero damages was inconsistent with its finding of liability. The trial court correctly granted a motion for new trial on damages only. We affirm the trial court's order sustaining, in part, Plaintiff's motion for new trial.

¶ 13 AFFIRMED.

MITCHELL, P.J., and BUETTNER, C.J., concur.

1. Defendant's remaining proposition of error is that the trial court erred by granting the motion for new trial based on evidence presented in the motion that was not presented to the jury at trial. Defendant cites no authority for this proposition.

Argument without authority will not be considered on appeal. Okla.Sup.Ct.R. 1.11(k)(1); *State ex rel. Dep't of Human Servs. v. Baggett*, 1999 OK 68, ¶ 12, 990 P.2d 235.